Crystle Lindsey (SBN: 281944)
GHIDOTTI | BERGER, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: clindsey@ghidottiberger.com

Attorneys for Plaintiff TVC FUNDING IV REO, LLC

# UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DAYO BEVERLY,<br><br>　　　　　Debtor. | Case No.: 1:26-bk-10131-MB<br><br>Chapter 7<br><br>Adversary Case No.: |
| TVC FUNDING IV REO, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DAYO BEVERLY,<br><br>　　　　　Defendant. | **COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A)** |

Plaintiff TVC FUNDING IV REO, LLC ("Plaintiff") alleges as follows:

## PRELIMINARY STATEMENT

1. This is an adversary proceeding to deny the Chapter 7 discharge of Debtor and Defendant Dayo Beverly ("Beverly" or "Defendant") under 11 U.S.C. § 727(a)(4)(A). In connection with her bankruptcy case, Beverly made multiple false oaths under penalty of

perjury by omitting or misrepresenting material assets, liabilities, income, trust interests, and pending litigation in her petition, schedules, and Statement of Financial Affairs.

2. Beverly's omissions were not isolated mistakes. The same core omissions recur across Beverly's three most recent personal bankruptcy filings over a period of approximately nine months, including omissions relating to trust-held property, secured debt, pending litigation, and Plaintiff's claim. That pattern supports a strong inference that Beverly acted knowingly and fraudulently, not inadvertently.

3. In the current Chapter 7 case, Beverly failed to disclose, among other things, her interest in property held through Ascend Trust, a deed of trust in the original principal amount of $1,387,500, a residential lease she executed as trustee shortly before filing, $6,550 in monthly rental income, two pending civil actions, and a foreclosure sale of her residence that occurred the day before the petition date. Each omission bears directly on the existence, nature, and administration of property of the estate and the rights of creditors. Beverly is therefore not entitled to a discharge.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. This adversary proceeding is brought under 11 U.S.C. § 727(a)(4)(A) and Federal Rule of Bankruptcy Procedure 7001.

## PARTIES

7. Plaintiff TVC FUNDING IV REO, LLC ("Plaintiff") is a creditor of Beverly and a party in interest with standing to object to Beverly's discharge under 11 U.S.C. § 727(c)(1). Plaintiff is the assignee and holder of a personal guaranty executed by Beverly in connection with a commercial loan originated by Temple View Capital Funding, LP in the original principal amount of $1,586,000, secured by a deed of trust on real property located at 1975 Navarro Avenue, Pasadena, California 91103 (the "Navarro Property"). Following default and a nonjudicial foreclosure sale of the Navarro Property on July 1, 2020, Plaintiff asserts

an unsecured claim against Beverly under the guaranty and has sued Beverly in Los Angeles Superior Court, Case No. 24VECV00607. Beverly did not schedule Plaintiff's claim in the current bankruptcy case.

8.    Defendant Dayo Beverly is an individual who filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 22, 2026, commencing Case No. 1:26-bk-10131-MB in the United States Bankruptcy Court for the Central District of California (the "Current Case").

## GENERAL ALLEGATIONS

### Beverly's Bankruptcy Filings and Pattern of Nondisclosure

9.    Beverly has filed multiple personal bankruptcy cases, including Case No. 1:25-bk-10820-MB (Chapter 13, filed May 12, 2025) (the "First Case"); Case No. 1:25-bk-11660-MB (Chapter 13, filed September 9, 2025) (the "Second Case"); and the Current Case. Across these three personal cases, Beverly repeatedly failed to disclose the same core categories of information, including trust-related interests, secured debt, pending litigation, and Plaintiff's claim.

10.    Beverly also filed or controlled related bankruptcy cases through affiliated entities, including Ascend Trust. Plaintiff alleges those related filings only as background and as further evidence of Beverly's familiarity with the bankruptcy process and disclosure obligations.

### Ascend Trust, the Nestle Property, the Saltillo Property, and the Everest Funding Deed of Trust

11.    Beverly created and controlled Ascend Trust and acted as its trustee. Ascend Trust is a revocable trust. As settlor of a revocable trust, Beverly retained the power of revocation and an equitable interest in property held by Ascend Trust. Beverly used Ascend Trust to hold title to real property, including property located at 5434 Nestle Avenue, Tarzana, California 91356 ("Nestle Property") and property located at 9235 Saltillo Street, Pico Rivera, California 90660 (the "Saltillo Property"). Beverly continued to exercise control

COMPLAINT OBJECTING TO DISCHARGE

over trust property, including by executing a residential lease as trustee shortly before the petition date.

12.    Prior to January 21, 2026, title to the real property commonly referred to as the Nestle Property was held of record in the name of Ascend Trust. On January 21, 2026, the day before Beverly filed the Current Case, the Nestle Property was sold at a nonjudicial foreclosure sale. A Trustee's Deed Upon Sale was later recorded on February 2, 2026, vesting title in U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee for Cabana Series V Trust.

13.    In her Schedule A/B in the Current Case, Beverly disclosed the Nestle Property at a stated value of $1,000,000. Beverly did not disclose that the Nestle Property had been sold at a nonjudicial foreclosure sale on January 21, 2026, the day before the petition date, or that title had passed out of Ascend Trust.

14.    The Saltillo Property is held of record in the name of Ascend Trust pursuant to a grant deed executed by Beverly, in her individual capacity, and recorded on March 3, 2023, transferring the Saltillo Property from Beverly to Ascend Trust.

15.    On March 2, 2023, the day before the transfer to Ascend Trust was recorded, Beverly executed, in her individual capacity, a deed of trust in favor of Everest Funding, LLC, in the original principal amount of $1,387,500, encumbering the Saltillo Property (the "Everest Funding DOT"). Beverly is the borrower on that obligation.

16.    Beverly's failure to disclose Ascend Trust, trust-held property interests, the Saltillo Property, and the Everest Funding DOT recurred across the First Case, the Second Case, and the Current Case. Plaintiff alleges that repetition as evidence that Beverly's omissions in the Current Case were knowing and not inadvertent.

**The Robichaux Lease and Rental Income**

17.    On January 1, 2026, twenty-one days before filing the Current Case, Beverly, acting as trustee of Ascend Trust, executed a California Residential Lease Agreement with William Robichaux for the Nestle Property at a monthly rental rate of $6,550.00, for a term running from January 1, 2026 through January 1, 2028 (the "Robichaux Lease").

COMPLAINT OBJECTING TO DISCHARGE

18. Beverly did not disclose the Robichaux Lease on Schedule G in the Current Case. Instead, she affirmatively checked "No" in response to the question asking whether she had any executory contracts or unexpired leases.

19. Beverly also did not disclose the $6,550 monthly rental income reflected by the Robichaux Lease on Schedule I or in the Statement of Financial Affairs. Schedule I in the Current Case discloses monthly income of $4,000 from "Blueshore Films" and no rental income.

**Undisclosed Civil Litigation and Plaintiff's Claim**

20. At the time Beverly filed the Current Case, she was a party to the following active civil proceedings: (a) *Dayo Beverly v. Encino Courtyard LLC, et al.*, Los Angeles Superior Court Case No. 24VECV05884 (the "Encino Courtyard Action"); and (b) *Eleonora Abukova, et al. v. City of Los Angeles, et al.*, Los Angeles Superior Court Case No. 25STCV21033 (the "City of LA Action").

21. Beverly did not disclose either action on the Statement of Financial Affairs Question 9 (lawsuits and administrative proceedings within one year before filing) in the Current Case. Beverly also did not disclose either action as an asset on Schedule A/B Question 33 (claims against third parties, including contingent and unliquidated claims, regardless of estimated value). Each action is a pending civil proceeding in which Beverly is a named plaintiff and constitutes property of the estate under 11 U.S.C. § 541(a)(1).

22. Plaintiff's guaranty action against Beverly, Case No. 24VECV00607, was pending before the petition date. In the First Case, Beverly disclosed Plaintiff's lawsuit in her Statement of Financial Affairs but did not list Plaintiff as a creditor on Schedule E/F. In the Current Case, Beverly again did not list Plaintiff as a creditor or disclose Plaintiff's claim.

23. Beverly signed the petition, schedules, and Statement of Financial Affairs in the Current Case under penalty of perjury. Those filings constitute sworn statements for purposes of § 727(a)(4)(A).

24. In the Current Case, Beverly did not disclose Ascend Trust on Schedule A/B Question 25 (trusts and equitable or future interests in property) or on the Statement of

COMPLAINT OBJECTING TO DISCHARGE

Financial Affairs Question 27 (business connections within four years), and did not accurately disclose her trust-related interests in the Nestle Property or the Saltillo Property. Beverly was the person who created and controlled Ascend Trust, acted as its trustee, used it to hold title to real property, and executed the Robichaux Lease as trustee less than one month before filing. Beverly's omission of Ascend Trust and related trust interests from her sworn bankruptcy papers was knowing and fraudulent.

25. In the Current Case, Beverly did not disclose her equitable interest in the Saltillo Property on Schedule A/B, and did not disclose the Everest Funding DOT on Schedule D. Because Ascend Trust is revocable and Beverly serves as its trustee, Beverly retained an equitable interest in the Saltillo Property required to be disclosed on Schedule A/B. The Everest Funding DOT is a recorded encumbrance in the original principal amount of $1,387,500, executed by Beverly as borrower in her individual capacity. Omitting a trust-held real property interest and a seven-figure personal secured obligation from sworn bankruptcy schedules was material.

26. In the Current Case, Beverly affirmatively denied the existence of any executory contract or unexpired lease, despite having executed the Robichaux Lease twenty-one days before filing. Beverly also omitted the corresponding $6,550 monthly rental income from her sworn schedules and Statement of Financial Affairs. Because Beverly personally executed the lease as trustee shortly before filing, those omissions were knowing and fraudulent.

27. In the Current Case, Beverly omitted the Encino Courtyard action (Case No. 24VECV05884) and the City of LA Action (Case No. 25STCV21033) from the Statement of Financial Affairs Question 9 and from Schedule A/B Question 33. In each action, Beverly is a named plaintiff. Each action constitutes a contingent and unliquidated claim that is property of the estate under 11 U.S.C. § 541(a)(1) and must be disclosed regardless of the debtor's estimate of value. Both omissions in each instrument were knowing and fraudulent.

28. In the Current Case, Beverly did not disclose on the Statement of Financial Affairs Question 10 (property lost to foreclosure within one year before filing) that the Nestle

COMPLAINT OBJECTING TO DISCHARGE

Property had been sold at a nonjudicial foreclosure sale on January 21, 2026, the day before the petition date. That sale involved Beverly's residence held through a trust she controlled and was an event of obvious importance to the bankruptcy estate, the trustee, and creditors. Beverly's omission of that prepetition foreclosure event from her sworn Statement of Financial Affairs was knowing and fraudulent.

29.     In the Current Case, Beverly did not list Plaintiff as a creditor despite Plaintiff's pending guaranty action and asserted unsecured claim against her. Beverly's prior disclosure of Plaintiff's lawsuit in the First Case, combined with her failure to schedule Plaintiff's claim in both the First Case and the Current Case, reflects selective disclosure and further supports an inference of knowing and fraudulent intent.

30.     Beverly's false oaths in the Current Case were knowing and fraudulent. Fraudulent intent may be inferred from the surrounding circumstances, including multiple omissions, the debtor's personal knowledge of the omitted information, the magnitude of the omissions, and the repetition of the same omissions across successive bankruptcy filings. Here, the same core omissions recur across Beverly's three most recent personal bankruptcy cases, even though those cases were filed under different circumstances, including with counsel and without counsel. That pattern supports the inference that Beverly's omissions in the Current Case were deliberate and not the product of mistake or oversight.

## FIRST CAUSE OF ACTION

### (Objection to Discharge – 11 U.S.C. § 727(a)(4)(A))

31.     Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 30 above as though fully set forth herein.

32.     Section 727(a)(4)(A) mandates denial of discharge where the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account. 11 U.S.C. § 727(a)(4)(A).

33.     Beverly made false oaths in the Current Case by, among other things: (a) omitting or failing to accurately disclose Ascend Trust and her interest in trust-held property; (b) omitting or failing to accurately disclose the Saltillo Property and the Everest

Funding DOT; (c) affirmatively denying the existence of the Robichaux Lease; (d) omitting the rental income associated with that lease; (e) omitting pending civil actions in which Beverly is a named plaintiff from both the Statement of Financial and Schedule A/B; (f) omitting the prepetition foreclosure sale of the Nestle Property; and (g) omitting Plaintiff as a creditor.

34.     Each of those omissions and misstatements was material because each bore a direct relationship to Beverly's assets, liabilities, financial affairs, and the administration of the bankruptcy estate.

35.     Beverly made those false oaths knowingly and fraudulently. Beverly had personal knowledge of each omitted item. The omissions involved matters of obvious significance, including trust-held real property, a recorded seven-figure deed of trust, a recently executed lease, substantial monthly rental income, pending litigation, and a foreclosure sale that occurred one day before the petition date.

36.     By reason of the foregoing, Beverly is not entitled to a discharge, and her discharge must be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff TVC FUNDING IV REO, LLC respectfully requests that this Court:

1.     Enter judgment in favor of Plaintiff and against Defendant Dayo Beverly;

2.     Deny Beverly's discharge pursuant to 11 U.S.C. § 727(a)(4)(A);

3.     Award Plaintiff its costs as permitted by law; and

4.     Grant such other and further relief as the Court deems just and proper.

DATED: April 20, 2026                                    GHIDOTTI | BERGER, LLP


                                                 By:     */s/ Crystle Lindsey*
                                                         Crystle Lindsey
                                                         Attorneys for Plaintiff
                                                         TVC FUNDING IV REO, LLC

COMPLAINT OBJECTING TO DISCHARGE