RoseAnn Frazee (SBN: 262516)
FRAZEE LAW GROUP
5133 Eagle Rock Blvd
Los Angeles, CA 90041
Phone: (323) 274-4287
Fax: (323) 967-7600
roseann@frazeelawgroup.com

Attorney for Debtor and Defendant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

IN RE:

Dayo Beverly,

                        Debtor.

TVC Funding IV REO, LLC,

                    Plaintiff,

v.

Dayo Beverly,

                    Defendant

Case No.: 1:26-bk-10131-MB

Adv. No.: 1:26-ap-01021-MB

Chapter 7

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OBJECTING TO DISCHARGE**

Defendant Dayo Beverly ("Defendant"), by and through her undersigned counsel, hereby responds to the Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A) filed by TVC Funding IV REO, LLC ("Plaintiff"), a former creditor of the Defendant, and states as follows:

## PRELIMINARY STATEMENT

1. The Defendant denies the allegations made in Paragraph 1 of the Complaint.

2. The Defendant denies the allegations made in Paragraph 2 of the Complaint.

3. The Defendant denies the allegations made in Paragraph 3 of the Complaint.

1

## JURISDICTION AND VENUE

4. The Defendant admits the allegations made in Paragraph 4 of the Complaint.

5. The Defendant admits the allegations made in Paragraph 5 of the Complaint.

6. The Defendant admits the allegations made in Paragraph 6 of the Complaint.

## PARTIES

7. The Defendant denies that Plaintiff has a valid and enforceable claim against Defendant and denies that Plaintiff has standing to object to Defendant's discharge. Plaintiff admits the remaining allegations made in Paragraph 7 of the Complaint.

8. The Defendant admits the allegations made in Paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9. The Defendant admits that she has filed multiple personal bankruptcy cases. The Defendant denies the remaining allegations made in Paragraph 9 of the Complaint.

10. The Defendant denies the allegations made in Paragraph 10 of the Complaint.

11. The Defendant admits the allegations made in Paragraph 11 of the Complaint.

12. The Defendant admits that prior to January 21, 2026, title to the real property referred to as the Nestle Property was held in the Ascend Trust. The Defendant does not have sufficient information to form a reasonable belief as to the completeness and truth of the remaining allegations made in Paragraph 12 and therefore denies them.

13. The Defendant admits the allegations made in Paragraph 13 of the Complaint.

14. The Defendant admits the allegations made in Paragraph 14 of the Complaint.

15. The Defendant admits the allegations made in Paragraph 15 of the Complaint.

16. The Defendant denies the allegations made in Paragraph 16 of the Complaint.

17. The Defendant admits the allegations made in Paragraph 17 of the Complaint with the caveat that an amended lease was signed shortly thereafter with Troy Gunter as the signatory.

18. The Defendant denies the allegations made in Paragraph 18 of the Complaint. The Defendant amended Schedule G to include the Robichaux Lease.

2

19. The Defendant denies the allegations made in Paragraph 19 of the Complaint. The Defendant did not receive any income from the Robichaux Lease.

20. The Defendant admits the allegations made in Paragraph 20 of the Complaint.

21. The Defendant admits the allegations made in Paragraph 21 of the Complaint.

22. The Defendant denies the allegations made in Paragraph 22 of the Complaint. The Defendant amended her schedules to include Plaintiff's disputed and contingent claim.

23. The Defendant admits the allegations made in Paragraph 23 of the Complaint.

24. The Defendant denies the allegations made in Paragraph 24 of the Complaint.

25. The Defendant denies the allegations made in Paragraph 25 of the Complaint.

26. The Defendant denies the allegations made in Paragraph 26 of the Complaint.

27. The Defendant denies the allegations made in Paragraph 27 of the Complaint.

28. The Defendant denies the allegations made in Paragraph 28 of the Complaint.

29. The Defendant denies the allegations made in Paragraph 29 of the Complaint.

30. The Defendant denies the allegations made in Paragraph 30 of the Complaint.

## FIRST CAUSE OF ACTION

31. The Defendant realleges and incorporates by reference his responses to Paragraphs 1-30 as if fully set forth herein.

32. The Defendant admits the allegations made in Paragraph 32 of the Complaint.

33. The Defendant denies the allegations made in Paragraph 33 of the Complaint.

34. The Defendant denies the allegations made in Paragraph 34 of the Complaint.

35. The Defendant denies the allegations made in Paragraph 35 of the Complaint.

36. The Defendant denies the allegations made in Paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses with respect to the purported claims for relief alleged in the Complaint.

3

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a first, separate and affirmative defense to the Complaint, and to each purported cause of action thereof, the Defendant asserts that Plaintiff has failed to state an essential element for one or more causes of action. Plaintiff fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Plaintiff fails to allege facts showing Defendant knowingly made a material false oath with intent to defraud.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

As a second, separate and affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant asserts that Plaintiff has no standing to object to the Defendant's discharge because Plaintiff holds no enforceable claim against the Defendant or the estate.

## THIRD AFFIRMATIVE DEFENSE

### (No Material False Oath)

As a third, separate and affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant asserts that any alleged omissions were not material under § 727(a)(4)(A) and any inaccuracies do not rise to the level of false oath in connection with the case.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

As a fourth, separate and affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant asserts that any incorrect statement or omission was not made deliberately or consciously, and therefore was not made "knowingly" as required.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Fraudulent Intent)

As a fifth, separate and affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant asserts that she did not act with fraudulent intent. Any omissions are the result of a mistake, confusion or inadvertence rather than intent to deceive.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure of Proof)

As a sixth, separate and affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant asserts that Plaintiff bears the burden to prove each element by a preponderance of the evidence and will be unable to do so at trial.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

As a seventh, separate and affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether they may have additional affirmative defenses available. Accordingly, Defendant reserves the right to assert additional affirmative defenses should subsequent discovery warrant their inclusion in Defendant's pleadings.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief and judgment as follows:

1. That the Court deny Plaintiff's prayer for relief in its entirety and that the Court enters judgment in Defendant's favor;

2. That the Court award Defendant her costs and expenses incurred in this action and attorney's fees as permitted by law, plus interest; and

3. That the Court award Defendant such other and further relief that it deems appropriate.

DATED: May 21, 2026                                FRAZEE LAW GROUP

By: _____
RoseAnn Frazee
Attorney for Defendant

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5133 Eagle Rock Blvd, Los Angeles, CA 90041

A true and correct copy of the foregoing document entitled (*specify*): Answer and Affirmative Defenses to Complaint
Objecting to Discharge

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/21/2026 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Attorney for Debtor: Roseann Frazee roseann@frazeelawgroup.com
United States Trustee: ustpregion16.wh.ecf@usdoj.gov
Attorney for Plaintiff: Crystle Jane Lindsey clindsey@ghidottiberger.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 05/21/2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Attorney for Plaintiff
Crystle Lindsey, Esq.
GHIDOTTI BERGER, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/21/2026 | Denali Purvis | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.