Crystle Lindsey (SBN: 281944)
GHIDOTTI | BERGER, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: clindsey@ghidottiberger.com

Attorneys for Plaintiff TVC FUNDING IV REO, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>DAYO BEVERLY,<br><br>Debtor. | Case No.: 1:26-bk-10131-MB<br><br>Chapter 7<br><br>Adversary Case No.: 1:26-ap-01021-MB |
| TVC FUNDING IV REO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAYO BEVERLY,<br><br>Defendant. | **STIPULATION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT AND MODIFICATION OF SCHEDULING ORDER** |

Plaintiff TVC FUNDING IV REO, LLC ("Plaintiff") and Defendant Dayo Beverly ("Defendant") (collectively, the "Parties"), through their respective counsel of record, stipulate as follows:

**RECITALS**

A. On April 20, 2026, Plaintiff filed its Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A) (Dkt. 1). Defendant filed her Answer on May 21, 2026 (Dkt. 4).

B. On July 13, 2026, the Court entered its Scheduling Order Following Status Conference (the “Scheduling Order”, Dkt. 7). The Scheduling Order established October 16, 2026 as the deadline to complete discovery, including depositions, and to amend pleadings or seek leave to amend, and November 5, 2026 as the deadline to file case-dispositive motions. No trial date has been set.

C. On August 27, 2026, Plaintiff served Requests for Admission, Interrogatories, and Requests for Production of Documents, Set One, on Defendant through her counsel. Defendant has not served answers to the Interrogatories, responses to the Requests for Production, responsive documents, or her initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

D. Plaintiff seeks to file a First Amended and Supplemental Complaint, attached as **Exhibit A** (the “Amended Complaint”). The Amended Complaint corrects and clarifies allegations in the original Complaint and adds allegations concerning Defendant’s subsequent sworn bankruptcy filings, including her amended schedules and amended Statement of Financial Affairs (Case No. 1:26-bk-10131-MB [the “Main Case”], Dkts. 46, 47) and declarations filed on August 4 and September 8, 2026 (Main Case, Dkts. 63, 75). The Amended Complaint asserts the same claim under 11 U.S.C. § 727(a)(4)(A) and seeks the same relief.

E. The meeting of creditors in the Main Case, originally scheduled for February 17, 2026, was continued 7 times, most recently to September 16, 2026 (Main Case, Dkts. 5, 35, 43, 48, 51, 61, 67, 73). During the meeting of creditors, the Chapter 7 Trustee questioned Defendant about other bankruptcy proceedings associated with her. Defendant subsequently filed the August 4 and September 8, 2026 declarations described in Recital D. Both declarations and the later continuances of the meeting of creditors occurred after the Court entered the Scheduling Order. The Chapter 7 Trustee filed her Report of No Distribution on October 2, 2026. Plaintiff intends to depose Defendant after reviewing her outstanding written discovery responses and documents so that the deposition can address those

materials, Defendant's sworn filings, and her explanations for the prior bankruptcy proceedings.

F. The Parties agree that good cause exists to modify the Scheduling Order because Defendant's written discovery responses remain outstanding, Plaintiff seeks to review those responses before deposing Defendant, and Defendant filed additional sworn declarations after entry of the Scheduling Order. The requested modifications will permit completion of the outstanding discovery and Defendant's deposition without delaying trial.

**STIPULATION**

**NOW, THEREFORE**, the Parties stipulate and agree as follows, subject to the Court's approval where required:

1. **Amended and Supplemental Complaint**. Defendant consents to Plaintiff's filing of the Amended Complaint under Federal Rule of Civil Procedure 15(a)(2), made applicable by Federal Rule of Bankruptcy Procedure 7015. The Parties jointly request leave under Rule 15(d) to include the supplemental allegations. Plaintiff shall file and serve the Amended Complaint, substantially in the form attached as **Exhibit A**, within 7 days after entry of an order approving this Stipulation. The October 16, 2026 pleading amendment deadline is modified solely for this purpose.

2. **Response to Amended Complaint**. Defendant shall respond to the Amended Complaint within 21 days after service of the Amended Complaint.

3. **Discovery Responses and Initial Disclosures**. Defendant shall serve the following on Plaintiff no later than October 30, 2026: (a) verified responses to Plaintiff's Interrogatories, Set One; (b) written responses to Plaintiff's Requests for Production of Documents, Set One, together with all responsive documents not properly withheld on grounds of attorney-client privilege or work-product protection; and (c) initial disclosures under Federal Rule of Civil Procedure 26(a)(1). Defendant waives all objections to Plaintiff's Interrogatories and Requests for Production of Documents, Set One, except objections based on attorney-client privilege or work-product protection. Any information or documents

withheld on those grounds shall be identified in accordance with Federal Rule of Civil Procedure 26(b)(5)(A).

4. **Requests for Admission**. Nothing in this Stipulation extends Defendant's deadline to respond to Plaintiff's Requests for Admission, Set One, withdraws or modifies any admission arising under Federal Rule of Civil Procedure 36(a)(3), or affects Plaintiff's rights concerning those admissions.

5. **Motion to Compel**. If Defendant serves all answers, responses, documents, and initial disclosures required by paragraph 3 by October 30, 2026, Plaintiff will not move to compel those materials solely on the ground that they were served late. Plaintiff reserves all other rights, including the right to challenge the completeness or sufficiency of Defendant's discovery responses, document production, and initial disclosures, and to seek appropriate relief.

6. **Discovery Cutoff**. The deadline to complete all discovery is extended from October 16, 2026 to January 14, 2027. Counsel shall cooperate in scheduling Defendant's deposition sufficiently in advance of the extended deadline. If counsel cannot agree on a date, Plaintiff may notice the deposition in accordance with the applicable rules. This extension does not alter Defendant's October 30, 2026 deadline under paragraph 3.

7. **Discovery Motions**. Any discovery motion, including a motion to compel concerning the discovery described in paragraph 3 or Defendant's deposition, shall be filed no later than January 14, 2027. Any discovery ordered pursuant to a timely filed motion shall be completed in accordance with the Court's order.

8. **Dispositive Motions**. The deadline to file case-dispositive motions is extended from November 5, 2026 to February 16, 2027. Any such motion shall be filed and served in accordance with the applicable Local Bankruptcy Rules and Judge Martin R. Barash's procedures for scheduling hearings on case-dispositive motions.

9. **Other Deadlines**. Except as expressly modified by this Stipulation and the Court's order approving it, all other deadlines and provisions of the Scheduling Order remain unchanged.

10. **Court Approval**. The Parties request that the Court approve this Stipulation and modify the Scheduling Order under Federal Rules of Civil Procedure 16(b)(4) and 29(b), made applicable by Federal Rules of Bankruptcy Procedure 7016(a) and 7029. The modifications requiring Court approval shall become effective upon entry of the Court's order. The Parties nevertheless agree that Defendant will provide the discovery and initial disclosures identified in paragraph 3 by October 30, 2026, even if the Court has not entered its order by that date.

**IT IS SO STIPULATED.**

DATED: October 16, 2026

GHIDOTTI | BERGER, LLP

By: */s/ Crystle Lindsey*
Crystle Lindsey
*Attorneys for Plaintiff*
TVC FUNDING IV REO, LLC

DATED: October 16, 2026

FRAZEE LAW GROUP

By: [signature]
RoseAnn Frazee
*Attorneys for Defendant*
DAYO BEVERLY

# EXHIBIT A

Crystle Lindsey (SBN: 281944)
GHIDOTTI | BERGER, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: clindsey@ghidottiberger.com

Attorneys for Plaintiff TVC FUNDING IV REO, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>DAYO BEVERLY,<br><br>Debtor. | Case No.: 1:26-bk-10131-MB<br><br>Chapter 7<br><br>Adversary Case No.: 1:26-ap-01021-MB |
| TVC FUNDING IV REO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAYO BEVERLY,<br><br>Defendant. | **FIRST AMENDED AND SUPPLEMENTAL COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A)** |

Plaintiff TVC FUNDING IV REO, LLC ("Plaintiff") alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J), and Plaintiff consents to the entry of final orders and judgment by the bankruptcy court. This adversary proceeding seeks denial of the Chapter 7 discharge of Debtor and Defendant Dayo Beverly ("Beverly" or "Defendant") under 11 U.S.C. § 727(a)(4)(A). Beverly made multiple false oaths under

penalty of perjury by omitting material information from her bankruptcy schedules and Statement of Financial Affairs. Several material omissions persisted even after Plaintiff filed its original complaint identifying them.

2. Beverly's omissions were not isolated mistakes. In her first 2025 bankruptcy case, Beverly listed eight earlier bankruptcy proceedings under penalty of perjury, including a 2013 Chapter 7 case she filed and four cases filed by two limited liability companies of which she was a member, including two in which she had signed bankruptcy papers as a member or managing member. She also identified Ascend Trust, through which she held interests in real property. Seven months later, she omitted all eight proceedings from her Statement of Related Cases and failed to disclose her interest in Ascend Trust or the Saltillo Property. Her earlier sworn disclosures show her knowledge of the information she later failed to report.

3. Beverly also omitted a deed of trust she executed as borrower in the original principal amount of $1,387,500; two civil actions in which she was a named plaintiff; and the foreclosure sale of her residence one day before filing. She did not list Plaintiff as a creditor, although she disclosed Plaintiff's lawsuit against her. Although Beverly amended certain disclosures after Plaintiff filed its original complaint, she continued to omit the foreclosure and one of her civil actions. The number, significance, and persistence of these omissions, together with Beverly's prior sworn disclosures, support the inference that she knowingly and fraudulently concealed material information from the bankruptcy court, the trustee, and creditors.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This proceeding arises in In re Dayo Beverly, Case No. 1:26-bk-10131-MB, a Chapter 7 case pending in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "Current Case").

5. Venue is proper in this district under 28 U.S.C. § 1409.

6. This proceeding is brought under 11 U.S.C. § 727(a)(4)(A) and Federal Rule of Bankruptcy Procedure 7001(d).

**PARTIES**

7. Plaintiff TVC FUNDING IV REO, LLC ("Plaintiff") is a creditor of Beverly with standing to object to her discharge under 11 U.S.C. § 727(c)(1). On or about October 25, 2018, Tenacious Group LLC obtained a commercial loan in the original principal amount of $1,586,000 from Temple View Capital Funding, LP, secured by a deed of trust on real property located at 1975 Navarro Avenue, Pasadena, California 91103 (the "Navarro Property"). Beverly personally guaranteed the loan. The lender's rights under the loan and guaranty were subsequently assigned to Plaintiff. Following default, the Navarro Property was sold at a nonjudicial foreclosure sale on July 1, 2020. Plaintiff asserts an unsecured claim against Beverly under the guaranty and is pursuing that claim in Los Angeles Superior Court Case No. 24VECV00607 (the "TVC Action").

8. Defendant Dayo Beverly is an individual who filed a voluntary Chapter 7 petition on January 22, 2026, commencing the Current Case.

**GENERAL ALLEGATIONS**

**Beverly's Bankruptcy Filings**

9. Beverly has filed multiple personal bankruptcy cases, including Case No. 1:25-bk-10820-MB (Chapter 13, filed May 12, 2025) (the "First Case"); Case No. 1:25-bk-11660-MB (Chapter 13, filed September 9, 2025) (the "Second Case"); and the Current Case.

10. Beverly signed her petition in the Current Case under penalty of perjury on January 22, 2026. She signed her schedules and Statement of Financial Affairs under penalty of perjury on February 5, 2026. These filings are sworn statements in connection with the Current Case.

11. In this district, a debtor must file a Statement of Related Cases on mandatory court form F 1015-2.1, which provides the information required by Local Bankruptcy Rule 1015-2. Question 1 of that form asks whether a petition has previously been filed "by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate

of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control," and requires the debtor to list each such prior proceeding. The debtor signs the form under penalty of perjury.

12. On July 2, 2025, while represented by counsel in the First Case, Beverly filed an amended Statement of Related Cases signed under penalty of perjury (First Case, Doc. 41, p. 9 of 11). In response to Question 1, she listed three 2013 cases, stating as to each that "Debtor filed" it:

a. Case No. 6:13-bk-10878-MJ, a Chapter 13 case filed January 17, 2013;

b. Case No. 2:13-bk-19335-NB, a Chapter 13 case filed April 10, 2013; and

c. Case No. 1:13-bk-13697-AA, a Chapter 7 case filed May 31, 2013, in which Beverly received a discharge on September 3, 2013.

13. Beverly's amended Statement of Related Cases also listed five other proceedings: (a) Case No. 3:20-bk-30826, filed on behalf of CLT Properties Group, LLC; (b) Case No. 3:20-bk-30854, filed on behalf of Queen City Rehabs and Renovations LLC; (c) Case No. 1:20-bk-12110-MB, a Chapter 11 case filed by Queen City Rehabs and Renovations LLC; (d) Case No. 1:21-bk-11134-MT, a Chapter 7 case filed by CLT Properties Group, LLC; and (e) Case No. 25-12510-LSS, an involuntary Chapter 7 case.

14. In her amended petition filed the same day, Beverly identified her relationship to CLT Properties Group, LLC and to Queen City Rehabs and Renovations LLC as "Member" (First Case, Doc. 41, p. 8 of 11). Beverly signed the Chapter 7 petition of CLT Properties Group, LLC on June 28, 2021 as its authorized representative, with the title "Member" (Case No. 1:21-bk-11134-MT, Doc. 1, p. 5 of 25), and signed the List of Equity Security Holders of Queen City Rehabs and Renovations LLC on December 11, 2020 as its "Managing Member" (Case No. 1:20-bk-12110-MB, Doc. 19, p. 1 of 1).

15. On February 5, 2026, Beverly filed a Statement of Related Cases in the Current Case, again signed under penalty of perjury (Current Case, Doc. 13). This time, she listed only the First Case and the Second Case. She omitted Case No. 1:13-bk-13697-AA, the 2013

Chapter 7 case she admits filing. She also omitted the four bankruptcy proceedings involving CLT Properties Group, LLC and Queen City Rehabs and Renovations LLC, which she had previously disclosed, including Case Nos. 1:21-bk-11134-MT and 1:20-bk-12110-MB, in which she had personally signed bankruptcy documents as a member or managing member.

**Ascend Trust and the Saltillo Property**

16. Beverly is a settlor of The Ascend Trust dated October 18, 2017 ("Ascend Trust") and has served as its trustee. Ascend Trust is revocable. Schedule A to a Declaration of Trust for Ascend Trust dated October 17, 2024 identifies Beverly as holding a 100 percent beneficial interest in real property located at 5434 Nestle Avenue, Tarzana, California 91356 (the "Nestle Property") and a 20 percent beneficial interest in real property located at 4526 Saltillo Street, Woodland Hills, California 91364 (the "Saltillo Property").

17. Beverly acquired title to the Saltillo Property by grant deed recorded November 3, 2022. She also executed, as borrower, a deed of trust dated October 19, 2022, securing a promissory note in the original principal amount of $1,387,500. The deed of trust identifies Everest Funding as lender and was recorded November 3, 2022, as Instrument No. 20221045050 (the "Saltillo Deed of Trust").

18. By grant deed dated March 2, 2023, and recorded March 3, 2023, as Instrument No. 20230136292, Beverly, as "a Single Woman," conveyed the Saltillo Property to "Dayo Aziza Beverly, Trustee of The Ascend Trust dated October 18, 2017."

**The Nestle Foreclosure**

19. The Nestle Property was Beverly's residence and the street address listed in her petition in the Current Case. The property was encumbered by a deed of trust dated December 31, 2018, executed by Beverly as trustor. On January 21, 2026, one day before Beverly filed the Current Case, the Nestle Property was sold at a nonjudicial foreclosure sale under that deed of trust. A Trustee's Deed Upon Sale was recorded February 12, 2026, as Instrument No. 20260103606, conveying the property to U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust.

**The Robichaux Lease**

20. Before filing the Current Case, Beverly, acting as trustee of Ascend Trust, executed a residential lease of the Nestle Property with William Robichaux (the "Robichaux Lease"). Beverly later identified the agreement as an unexpired lease in her amended Schedule G, stating that rent was collected by Troy Gunter.

**Beverly's Civil Actions**

21. When Beverly filed the Current Case, she was a named plaintiff in two civil actions: (a) *Dayo Beverly v. Encino Courtyard LA LLC, et al.*, Los Angeles Superior Court Case No. 24VECV05884, filed November 26, 2024 (the "Encino Courtyard Action"); and (b) *Eleonora Abukova, et al. v. City of Los Angeles, et al.*, Los Angeles Superior Court Case No. 25STCV21033, filed July 11, 2025 (the "City of LA Action"). Plaintiff is informed and believes, and on that basis alleges, that both actions remained pending on the petition date. Beverly was required to disclose her participation in those actions in her Statement of Financial Affairs. Her claims in those actions are property of the estate under 11 U.S.C. § 541(a)(1) and were required to be disclosed in Schedule A/B.

**Beverly's Original Schedules and Statement of Financial Affairs**

22. In her original Schedule A/B in the Current Case, Beverly listed the Nestle Property as owned by her in fee simple, valued at $1,000,000. She did not list the Saltillo Property or her beneficial interest in it, although she held that interest on the petition date (Current Case, Doc. 46, p. 3 of 27). She also answered "No" to Question 25, which asks about trusts, equitable or future interests, and rights or powers exercisable for the debtor's benefit.

23. Beverly's original Schedule D did not disclose the secured obligation reflected in the Saltillo Deed of Trust, although that obligation remained outstanding when she filed. In her amended Schedule D, Beverly listed Dovenmuehle Mortgage, Inc. as holding a claim of $1,658,121.84 secured by the Saltillo Property. NexBank subsequently obtained relief from the automatic stay as to the Saltillo Property based on a motion identifying the Saltillo Deed of Trust, recorded as Instrument No. 20221045050, as its security instrument (Current Case, Docs. 57, 70).

24. Beverly's original Schedule G stated that she had no executory contracts or unexpired leases. She did not list the Robichaux Lease, which she later identified in her amended Schedule G.

25. In response to Question 9 of her Statement of Financial Affairs, which requires disclosure of lawsuits and other proceedings in which the debtor was a party within one year before filing, Beverly disclosed the TVC Action and an action against SN Servicing Corporation. She did not disclose the Encino Courtyard Action or the City of LA Action. She also answered "No" to Schedule A/B Questions 33 and 34, concerning claims against third parties and other contingent or unliquidated claims, without identifying her claims in either action.

26. Beverly answered "No" to Question 10 of her Statement of Financial Affairs, which asks whether any of her property was foreclosed within one year before filing. She did not disclose the January 21, 2026 foreclosure sale of the Nestle Property.

27. In response to Question 27 of her Statement of Financial Affairs, which asks about business connections within four years before filing, including membership in a limited liability company, Beverly listed only Blueshore Films LLC. She did not list CLT Properties Group, LLC or Queen City Rehabs and Renovations LLC, although she was a member of both companies within that period. Less than seven months before the petition date, Beverly answered the same question in her amended Statement of Financial Affairs in the First Case by listing both companies and checking the box for membership in a limited liability company, and she signed that statement under penalty of perjury (First Case, Doc. 42, pp. 20–21 of 23). In her amended petition filed the same day, she identified herself under penalty of perjury as a "Member" of both companies (First Case, Doc. 41, p. 8 of 11).

28. Beverly also failed to list Plaintiff as a creditor on Schedule D or Schedule E/F, despite disclosing the TVC Action in her Statement of Financial Affairs. Separately, Beverly had identified "Ascend Trust, 5434 Nestle Avenue, Tarzana" in her amended Statement of Financial Affairs in the First Case (First Case, Doc. 42, p. 20 of 23), demonstrating her knowledge of the trust she omitted from Schedule A/B in the Current Case.

**<u>Supplemental Allegations: Beverly's Sworn Statements After the Original Complaint</u>**

29. Plaintiff filed its original complaint on April 20, 2026, identifying material omissions in Beverly's bankruptcy disclosures.

30. On May 5, 2026, Beverly filed amended schedules signed under penalty of perjury on May 3, 2026 (Current Case, Doc. 46), and an amended Statement of Financial Affairs signed on May 4, 2026 (Current Case, Doc. 47). Her amended schedules disclosed the Saltillo Property, valued her interest at $220,000, identified a secured creditor on that property, listed the Robichaux Lease, and added Plaintiff as a creditor. These corrections came after Plaintiff filed its original complaint identifying those omissions.

31. After Plaintiff filed its original complaint identifying these omissions, Beverly again answered "No" to Question 10 of her amended Statement of Financial Affairs, omitting the January 21, 2026 foreclosure sale. Her amended Statement of Financial Affairs and Schedule A/B disclosed the Encino Courtyard Action but continued to omit the City of LA Action. Thus, even after correcting other disclosures, Beverly failed to disclose these two material matters.

32. On August 4, 2026, Beverly filed a declaration executed under penalty of perjury on July 31, 2026 (Current Case, Doc. 63). She stated that she "did not file" Case No. 6:13-bk-10878-MJ or Case No. 2:13-bk-19335-NB and that "[t]he only personal bankruptcy I filed in 2013" was Case No. 1:13-bk-13697-AA, in which she received a Chapter 7 discharge.

33. On September 8, 2026, Beverly filed a supplemental declaration executed under penalty of perjury on September 4, 2026 (Current Case, Doc. 75). She stated that the amended Statement of Related Cases filed July 2, 2025 in the First Case "was not prepared by me" but by her former attorney, and that it "erroneously indicated that I filed two chapter 13 cases back in 2013."

34. Beverly signed the July 2, 2025 amended Statement of Related Cases under penalty of perjury, notwithstanding her later claim that counsel prepared it incorrectly. Her conflicting accounts of the two 2013 Chapter 13 cases bear on the reliability of her sworn

disclosures. More importantly, neither declaration explains why Beverly omitted from her Statement of Related Cases in the Current Case the 2013 Chapter 7 case she expressly admits filing or the four cases filed by the limited liability companies of which she was a member.

**Beverly's Knowledge and Fraudulent Intent**

35. Beverly's omissions were knowing and fraudulent, rather than inadvertent. She previously disclosed the 2013 bankruptcy proceedings and the LLC bankruptcy proceedings and identified Ascend Trust and her limited liability company memberships in sworn filings; personally executed the Saltillo Deed of Trust and the Robichaux Lease; was a named plaintiff in the omitted civil actions; listed the TVC Action while failing to identify Plaintiff as a creditor; and resided at the Nestle Property when it was sold at foreclosure one day before her bankruptcy filing. After Plaintiff's original complaint identified her omissions, Beverly corrected some disclosures but continued to omit the foreclosure and the City of LA Action. The number and significance of the omissions, Beverly's personal knowledge of the underlying facts, the inconsistency of her sworn filings, and her failure to correct material omissions after Plaintiff's complaint identified them support the inference that she intended to conceal information from the bankruptcy court, the trustee, and creditors.

**FIRST CAUSE OF ACTION**

**(Objection to Discharge – 11 U.S.C. § 727(a)(4)(A))**

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37. Section 727(a)(4)(A) requires the Court to deny a discharge where "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

38. Beverly made false oaths in or in connection with the Current Case by:

a. Failing to disclose her interest in Ascend Trust and her beneficial interest in the Saltillo Property in her original Schedule A/B;

b. Failing to disclose the secured obligation reflected in the Saltillo Deed of Trust in her original Schedule D;

c. Omitting the Encino Courtyard Action and the City of LA Action from her original Statement of Financial Affairs and Schedule A/B;

d. Answering “No” to Question 10 of her original Statement of Financial Affairs despite the January 21, 2026 foreclosure sale of the Nestle Property;

e. Omitting CLT Properties Group, LLC and Queen City Rehabs and Renovations LLC from Question 27 of her Statement of Financial Affairs;

f. Failing to identify Plaintiff as a creditor despite disclosing the pending TVC Action; and

g. After Plaintiff filed its original complaint, again answering “No” to Question 10 of her amended Statement of Financial Affairs and continuing to omit the City of LA Action from her amended Statement of Financial Affairs and Schedule A/B.

39. These omissions and misstatements concerned material facts. They concealed or misstated information about Beverly’s business connections, interests in trust-held real property, secured obligations, litigation claims, foreclosure history, and creditors. The omitted information directly concerned the discovery and administration of estate assets, Beverly’s financial affairs, and the rights of her creditors.

40. Beverly made these false oaths knowingly and fraudulently. She had personal knowledge of the underlying transactions and proceedings, previously disclosed her trust and limited liability company interests in sworn bankruptcy filings, and failed to correct material omissions even after Plaintiff’s original complaint identified them. The pattern of omissions, selective corrections, and continued failure to disclose material information supports the inference that Beverly acted with intent to deceive the bankruptcy court, the trustee, and creditors.

41. Beverly is therefore not entitled to a discharge under 11 U.S.C. § 727(a)(4)(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TVC FUNDING IV REO, LLC respectfully requests that the Court:

1. Enter judgment in favor of Plaintiff and against Defendant Dayo Beverly;
2. Deny Defendant Dayo Beverly's discharge pursuant to 11 U.S.C. § 727(a)(4)(A);
3. Award Plaintiff its costs as permitted by law; and
4. Grant such other and further relief as the Court deems just and proper.

DATED: October 16, 2026

GHIDOTTI | BERGER, LLP

By: /s/ *Crystle Lindsey*
Crystle Lindsey
*Attorneys for Plaintiff*
TVC FUNDING IV REO, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

GHIDOTTI | BERGER, LLP, 1920 Old Tustin Avenue, Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): STIPULATION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT AND MODIFICATION OF SCHEDULING ORDER will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 16, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

RoseAnn Frazee (Attorney for Defendant Dayo Beverly): roseann@frazeelawgroup.com
Amy L. Goldman (Chapter 7 Trustee): marisol.jaramillo@lewisbrisbois.com; AGoldman@iq7technology.com; ecf.alert+Goldman@titlexi.com
Crystle Lindsey (Attorney for Plaintiff TVC Funding IV REO, LLC): clindsey@ghidottiberger.com
United States Trustee (SV): ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 16, 2026 | Crystle Lindsey | /s/ Crystle Lindsey |
| *Date* | *Printed Name* | *Signature* |